**Vertis Lynn SIMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00216–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 11, 1988.

Ron Hayes, Houston, for appellant.

John B. Holmes, Dist. Atty. of Harris County, Lynne Parsons, Asst. Dist. Atty., Harris County, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

LEVY, Justice.

Vertis Sims appeals from three convictions for aggravated robbery. Appellant pleaded guilty to each offense and received affirmative findings of the use of a deadly weapon in each judgment, and a sentence of 45 years imprisonment.

Appellant complains in his sole point of error that the court erred in failing to abide by the terms of a plea agreement after approving the agreement. Specifically, appellant contends that he entered guilty pleas to each offense in return for an agreement by the State to limit his imprisonment to 45 years, and to dismiss a murder indictment pending against him. How-ever, following the court's review of the pre-sentencing investigation, the court required affirmative findings on the use of a deadly weapon as a prerequisite to sentencing him to the agreed 45 years. Although not stated explicitly, appellant apparently argues that the additional requirement of the deadly weapon findings rendered his guilty pleas involuntary.

At the plea hearing, the trial court summarized the charges against the appellant, including the allegation that a deadly weapon was used in each offense, and admonished appellant as follows:

The Court: To these three first-degree felony offenses, how do you plead, guilty or not guilty?

The Defendant: Guilty.

The Court: Are you pleading guilty freely and voluntarily?

The Defendant: Yes, sir.

The Court: Did anybody promise you anything, threaten you, or coerce you or give you any hope that the governor would pardon you to induce you to plead in these cases?

The Defendant: No.

The Court: The penalty for each of these offenses is by confinement in the Texas Department of Corrections for a term of years not less than five nor more than ninety-nine years or life. In addition thereto, the Court can assess a fine not to exceed $10,000. On your pleas of guilty I will find you guilty and assess your punishment somewhere within those ranges. I'm not bound by any agreements you and your lawyer have with the State's lawyer. Knowing that, do you still want to plead guilty?

The Defendant: Yes, sir.

The Court: Even though you plead guilty, the State must introduce evidence to prove these allegations. Is it agreeable with you if the State introduces into evidence written stipulations rather than have the witnesses appear here in person?

The Defendant: Yes, sir.

The Court: Is that agreeable with both counsel?

Ms. Brannon (Harris County prosecutor): Yes.

Mr. Hayes (counsel for appellant): Yes.

The Court: Have you thoroughly conferred with the defendant concerning the consequences of his plea and do you believe he thoroughly understands them and do you believe him to be of sound mind?

Mr. Hayes: Yes, Your Honor.

The Court: Mr. Sims, have you ever been under the care of a psychiatrist, in a mental institution, or have mental problems understanding what we are doing here today?

The Defendant: No, sir.

The Court: Are you a United States Citizen?

The Defendant: Yes, sir.

At that point, the State introduced written stipulations from the appellant admitting the factual allegations of the charges against him. The prosecutor elicited testimony from the appellant that the stipulations were given freely and voluntarily, with appellant's understanding of the consequences of signing, and following consultation with an attorney.

The record then reflects the following:

The Court: The court having heard your plea of guilty and the evidence introduced herein, finds you, Vertis Sims, guilty of the offense of aggravated robbery in Cause No. 458404, 458405, and 479580 and sets a hearing on punishment at such time as the coordinator can get a date.

Mr. Hayes: May the record reflect that there are two additional agreements as part of the defendant entering his pleas. One is that the Court not exceed a punishment of 45 years, which was the State's recommendation, in any of the causes. And, secondly, that the State is dismissing the murder case, which is pending against this defendant also as a part of the plea bargaining agreement.

The Court: All right.

After reviewing the pre-sentence investigation, the court convened a hearing on the assessment of punishment. At this hearing, the following interchange occurred:

The Court: I'm not—I'm not sure I can honor y'all's agreement. This man deserves a life sentence. I wouldn't—you know, if y'all want to cap him for 45 years—if that's what you want to do; but I don't think I can take that.

If it's necessary, let him withdraw his plea and give him a trial. I don't think I can accept that.

Ms. Brannon: Your Honor—.

The Court: If there's not going to be any finding—is there going to be a—a finding?

Ms. Brannon: Yes, sir.

The Court: Will you agree on a finding of a deadly weapon?

Mr. Hayes: Yes, sir. We, of course—he pled with that understanding, Your Honor.

The Court: All right. I'll take it then if you both agree on a finding of a deadly weapon.

Ms. Brannon: Yes, sir. The State would be making that request 'cause the evidence is clear from the pre-sentence investigation.

The Court: It's going to be a whole lot of difference if that's done. Did we take pleas in all three cases?

Ms. Brannon: Yes, sir, we did.

The court then announced that it was finding the appellant guilty on each of the charged offenses and sentenced him to 45 years in prison.

The hearing concluded with the following colloquy:

The Court: Is there a finding on each one of these cases? Is that the agreement?

Ms. Brannon: Yes, sir, Your Honor.

The Court: All right. There's a finding that the deadly weapon was used in the commission of each offense ...

I understand that's agreed between the State and the defense—is that correct—that a deadly weapon was used in each case by this defendant? Is that the agreement?

Mr. Hayes: Oh, I'm sorry. I didn't hear you. Excuse me.

The Court: Did y'all agree on a finding of a deadly weapon in each of these three cases?

Mr. Hayes: Yes, sir, we have. That was my understanding.

The Court: All right.

■ Pursuant to Tex.Code Crim.P.Ann. art. 26.13 (Vernon 1987), the court was required to admonish the appellant of the effect of certain legal matters related to his pleas of guilty, and to establish a record showing the voluntary and understanding nature of the pleas. Here, the court properly admonished the appellant of the range of punishment, and of the fact that any agreement would not be binding upon the court. The court further determined that the appellant was mentally competent and that the pleas were made freely and voluntarily.

However, the appellant argues that the court failed to inquire about the existence of any plea bargain agreements, and failed to inform the appellant whether it would follow or reject such agreements in open court, and before any finding on the plea. Appellant argues that the court's failure to determine the exact terms of the plea bargain prior to accepting the plea allowed the court to coerce the appellant into accepting affirmative findings on the use of a deadly weapon.

Having reviewed the record, we conclude that the court substantially complied with the terms of art. 26.13.[1] The court determined that the appellant freely and voluntarily desired to plead guilty, and admon-ished the defendant that the court was not bound by any agreements of counsel.

Moreover, when the court announced at the sentencing hearing that it could not abide by the limitation of 45 years unless there were deadly weapon findings, it clearly stated that it would allow the appellant to *withdraw the plea of guilty* and replead if the plea bargain were rejected.

We are not faced here with the situation of the court changing or amending the terms of the agreement at the sentencing hearing. In this case, when the court raised the issue of the affirmative finding, appellant's trial counsel twice stated clearly that the guilty plea had originally been entered with the understanding that the convictions would include affirmative findings on the use of the deadly weapon.[2] Appellant said nothing on either occasion, and, although the court had stated that it would let him withdraw his plea, he said nothing when asked by the court whether he had anything to say prior to pronouncing the sentence.

■ Further, there could have been no harm from the affirmative findings because they added nothing to the effect of the judgments. Aggravated robbery is one of the specified "laundry list" offenses subject to the same parole treatment as a non-laundry list offense in which a deadly weapon finding is made. *See* Tex.Code Crim.P.Ann. art. 42.12, sec 3g(a)(1)(D) (Vernon Supp.1987).[3]

1. Tex.Code Crim.P.Ann. art. 26.13(c) (Vernon 1987) provides:

   In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

2. When first asked by the court if appellant would agree to a deadly weapon finding, appellant's trial counsel responded: "Yes, sir. We, of course—he pled with that understanding, Your Honor."

   The court asked again whether there had been an agreement on deadly weapon findings in all three cases, and appellant's trial counsel responded: "Yes, sir, we have. That was my understanding."

3. Section 3g(a) provides that the provisions of sections 3 and 3c of article 42.12, empowering trial judges to place a defendant on probation under certain circumstances, do not apply:

   (1) to a defendant adjudged guilty of an offense defined by the following sections of the Penal Code:

   (A) Section 19.03 (capital murder);

   (B) Section 20.04 (aggravated kidnapping);

   (C) Section 22.021 (aggravated sexual assault);

   (D) Section 29.03 (aggravated robbery); or

   (2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon
   ...

Appellant has failed to affirmatively show that the sentence he received and the terms of the judgments in each case violated the plea agreement between himself and the State. Moreover, there being no showing of harm to the appellant, the court's alleged error in failing to inquire about the terms of the plea agreement does not require reversal of the convictions. *Stubblefield v. State*, 659 S.W.2d 496, 499 (Tex. App.—Ft. Worth 1983, no pet.) (court's error in failing to inquire as to terms of plea agreement does not require reversal where punishment assessed was identical to agreed sentence, and appellant failed to affirmatively show harm).

Appellant's sole point of error is overruled.

The judgment is affirmed.