**Marc Norman WATSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54140.**

Court of Criminal Appeals of Texas,
En Banc.

Sept. 19, 1979.

Robert G. Dohoney, Hillsboro, for appellant.

Charles F. Campbell, Jr., Former Dist. Atty., Neal T. Jones, Jr., Dist. Atty., Hillsboro, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge.

On original submission, a panel of this Court affirmed the appellant's conviction for murder (with a punishment of 99 years' confinement). On the appellant's motion for rehearing, we noticed that the record was devoid of any evidence that the minor appellant was afforded, or that he waived, an examining trial after he was transferred from the juvenile court to the district court for criminal proceedings. See V.T.C.A., Family Code, Section 54.02(h). Accordingly, the Court en banc reversed the judgment and ordered the indictment dismissed. Now a supplemental record, which shows the proceedings before indictment, has been transmitted to us; the State asks us to rehear the cause. Both of our prior opinions are hereby withdrawn.

The State alleged that on March 2, 1975, the minor appellant committed murder. On March 3, 1975, a "first hearing on detention" was held in the juvenile court, and the appellant was ordered detained. On a day (identified in the court's order as the 11th, but in its docket sheet as the 14th) of April, 1975, the juvenile court held a transfer hearing and waived its jurisdiction over the appellant. On April 24th, an examining trial was held in the district court, and the appellant was remanded to the custody of the sheriff. On May 6, 1975, the grand jury returned an indictment alleging murder under V.T.C.A., Penal Code, Section 19.-02(a)(2).

On September 2, 1975, the State moved that the district court remand the child to the juvenile court because there was no showing of record that the appellant had been served with a summons to the transfer hearing. On the day the motion was filed, the district court found that the State's allegation was correct, and it remanded the appellant to the juvenile court. The juvenile court set aside its transfer order.[1]

Thereafter the State started from scratch. It filed a petition for adjudication in the juvenile court, alleging the offense of murder under V.T.C.A., Penal Code, Section 19.02(a)(1). A transfer hearing was held and the appellant ordered transferred to the district court on November 24, 1975. It does not appear that the appellant was afforded, or that he waived, an examining trial. On December 17, 1975, the grand jury returned an indictment alleging murder under V.T.C.A., Penal Code, Section 19.02(a)(1). It was on this indictment that the appellant was tried and convicted.

The motion and order of September 2 amounted to a finding that the appellant had not been served with a summons to the first transfer hearing. Such service is a jurisdictional requirement which cannot be waived; the failure to make such service deprived the juvenile court of jurisdiction to transfer the appellant, and the transfer was a nullity. *Grayless v. State*, 567 S.W.2d 216 (Tex.Cr.App.1978). Without a valid transfer, the district court had no authority to conduct an examining trial. This is implied by the language of the statute ("The examining trial shall be conducted by the court to which the case was transferred . . . ." V.T.C.A., Family Code, Section 54.02(h)). More importantly, it is the policy of our Legislature that a child shall not be subjected to adult criminal proceedings unless and until he is transferred by the juvenile court.

"Unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age except [certain perjury and traffic offenses]." V.T.C.A., Penal Code, Section 8.07(b).

"On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest." V.T.C.A., Family Code, Section 54.02(h). The strong implication is that if there is no transfer, the child

---

1. The judge of the district court and the judge of the juvenile court was the same person.

shall not be dealt with as an adult, and there is no arrest. An examining trial is a part of adult criminal proceedings after arrest. See V.A.C.C.P., Article 16.01. If there has been no valid transfer, there can be no examining trial.

■ "It is clear from [the present transfer statute and its predecessors] that the legislative intent has been that a three step procedure be followed before a juvenile . . . is tried in district court as an adult." *Menefee v. State*, 561 S.W.2d 822, 828 (Tex.Cr.App.1977). See *White v. State*, 576 S.W.2d 843, 845 (Tex.Cr.App.1979) (Onion, P. J., concurring). The three steps are a transfer hearing, an examining trial, and a grand jury's deliberation; then trial may follow. If one of these steps is omitted or rendered void by a jurisdictional defect, then there can be no jurisdiction to proceed with the next step. The district court had no jurisdiction to subject the appellant to an examining trial on April 24, just as it would have had no jurisdiction to try the case (*Grayless v. State*, 567 S.W.2d 216 (Tex.Cr.App.1978)).[2]

When the State and the district court recognized that the first step of the proceeding (the transfer hearing of April 14th) was void, they started over from step one. We note that the State apparently took the opportunity to change its allegation of the offense from V.T.C.A., Penal Code, Section 19.02(a)(2) to Section 19.02(a)(1). It was necessary to follow all three steps before trial. The record does not show that any valid examining trial was held before the indictment of December 17, or that the appellant waived an examining trial. Thus the indictment was void. *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979).

The judgment is reversed and the indictment is ordered dismissed; the appellant is remanded to the district court of Hill County, Texas, for proceedings in accordance with V.T.C.A., Family Code, Section 54.-02(h).

DOUGLAS, TOM G. DAVIS and DALLY, JJ., dissent.

2. The district court could have had jurisdiction only to determine whether it had jurisdiction.

It effectively made this determination on September 2, 1975.