**John Paul CLEMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–81–028–CR.**

Court of Appeals of Texas, Austin.

March 17, 1982.

Rehearing Denied April 7, 1982.

Jay Doyle, Robert J. Kuhn & Associates, Austin (Court-appointed), for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., Asst. Dist. Atty., Austin, for appellee.

SHANNON, Justice.

The opinion of this Court handed down on February 10, 1982, is withdrawn, and the following opinion replaces it.

Appellant John Paul Clemons appeals from a judgment of conviction for aggravated robbery after a trial by jury in the district court of Travis County. The jury assessed punishment of confinement for ninety-nine years in the Texas Department of Corrections. This Court will affirm the judgment.

On May 9, 1980, appellant was transferred by order of juvenile court to district court to stand trial as an adult. Tex.Fam. Code Ann. § 54.02 (1975). Appellant *did not* seek review of the order of transfer by perfecting an appeal to the Court of Civil Appeals as provided in Tex.Fam.Code Ann. § 56.01 (1975).

After transfer to district court, appellant was indicted by the grand jury for aggravated robbery. Upon motion, the indictment was quashed on January 9, 1981. On April 21, 1981, the grand jury again indicted appellant for aggravated robbery.

By his first ground of error, appellant claims that the quashing of the original indictment invalidated all prior steps in the process by which the juvenile court certified him to stand trial in district court as an adult. He argues the failure of the State to repeat the entire juvenile certification process from "step one" deprived the district court of jurisdiction to proceed against him. The ground of error will be overruled.

Appellant's claim rests on the assumption the district court lost jurisdiction when the initial indictment was quashed. On motion for rehearing, appellant directs our attention to *Garcia v. Dial*, 596 S.W.2d 524 (Tex. Cr.App.1980), for the proposition that the quashing of the indictment in the present case deprives the district court of jurisdiction over appellant, revests jurisdiction in the juvenile court, and requires the com-

plete juvenile certification process to be repeated. *Garcia* held a district court could not exercise jurisdiction over a defendant after the court had dismissed the very indictment upon which the jurisdiction of the court was predicated. The district court's subsequent order attempting to reinstate the cause was therefore void.

■ In the present case, the district court quashed the indictment. At that point, as *Garcia* makes clear, the district court had no jurisdiction to proceed further against appellant. Nevertheless, it does not follow that jurisdiction over appellant was then reacquired by the juvenile court. Section 54.02(i) of the Tex.Fam.Code Ann. (1975) provides:

> [I]f the child's case is brought to the attention of the grand jury and the grand jury does not indict for the offense charged in the complaint forwarded by the juvenile court, the district court or criminal district court shall certify the grand jury's failure to indict to the juvenile court. On receipt of the certification, the juvenile court may resume jurisdiction of the case.

In the case at bar the grand jury *did* indict appellant. Although the district court quashed that indictment, § 54.02(i) requires an affirmative act by the district court (*i.e.*, certification by the district court and receipt of certification by the juvenile court) for the juvenile court to resume jurisdiction. After the indictment in the present case was quashed, the district court took no further action until the grand jury reindicted appellant. It is plain the juvenile court did not acquire jurisdiction over appellant in the interim. Had the grand jury refused to reindict appellant, under § 54.02(i) the district court would have been required to remand appellant to the juvenile court's jurisdiction. Appellant's first ground of error is overruled.

■ Appellant, under his second ground of error, insists the district court was without jurisdiction to try him in that the juvenile court's transfer order was invalid because the juvenile court did not order a full investigation of the circumstances of the offense alleged, pursuant to Tex.Fam.Code Ann. § 54.02(d) (1975). There is no indication in the record, other than recitations in the juvenile court's "Order Waiving Jurisdiction and Transferring to Criminal Court," that the court received any further investigation of the circumstances of the offense *that forms the basis of this conviction.* Nevertheless, the claimed failure of the juvenile court to indicate whether it received and considered an investigatory report of the offense is not an error that may be presented properly in an appeal *from conviction* in district court.

Appellant is afforded the right to seek review of the transfer order by appeal to the courts of appeals. Tex.Fam.Code Ann. § 56.01(a), (c)(1) (1975). Subsection (b) of § 56.01 provides that such appeals are controlled by procedural rules generally applicable to appeals in civil cases. *See L. L. S. v. State*, 569 S.W.2d 495 (Tex.1978). Appellant did not appeal the transfer order to this Court. Now, many months after the transfer order became final and after his conviction in district court, appellant claims error in the original transfer process from the juvenile court. This Court recognizes that pre-transfer investigation steps must be strictly followed. *See, e.g., L___ L___ W___ v. State*, 577 S.W.2d 375 (Tex.Civ. App.1979, writ ref'd n. r. e.). Nevertheless, for this Court to recognize such claimed error in the instant appeal would render § 56.01 meaningless.

■ It is true that a *jurisdictional* error in the transfer process may be raised for the first time on appeal from a conviction subsequent to the transfer. *See Johnson v. State*, 594 S.W.2d 83 (Tex.Cr.App.1980); *Watson v. State*, 587 S.W.2d 161 (Tex.Cr. App.1979); *Grayless v. State*, 567 S.W.2d 216 (Tex.Cr.App.1978). These cases hold that a defect in summons, or failure to serve summons, is jurisdictional error as the juvenile court has no power then to transfer the juvenile to district court. Nonetheless, an alleged defect in the investigatory steps in the transfer process should be urged in an appeal from the transfer order as provided by § 56.01 of the Family Code. Fail-

ure to appeal to the Court of Appeals at that time results in the waiver of the nonjurisdictional ground of error. Appellant's second ground of error is overruled.

The judgment is affirmed.