**Gregory Charles STUBBLEFIELD,
Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–118–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 19, 1983.

Danny D. Burns, Fort Worth, for appellant.

Henry Wade, Dist. Atty., and R.K. Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

## OPINION

JORDAN, Justice.

This is an appeal from a conviction for aggravated rape. Appellant pled guilty to the charge and punishment was assessed by the trial court at twenty years in the Texas Department of Corrections.

We affirm.

On August 8, 1980, the State filed a petition requesting the juvenile court to waive jurisdiction and transfer appellant to the district court for criminal proceedings regarding certain enumerated offenses. The offenses set out in the petition all arose from a series of transactions on July 31, 1980, in the course of which two women, a mother and daughter, were raped in their

hotel room. The petition specifically alleged the rape of the mother but there was no allegation regarding the rape of the daughter. During the certification proceedings, appellant deposed the police investigator assigned to the case and subpoenaed all of the officer's records relating to appellant, including police reports and any notes made by the investigator during the course of his investigation. The State tendered all records subpoenaed with the exception of certain notes made by the investigator and two reports described by the assistant district attorney in deposition as "concerning an offense which the respondent [sic] is not charged for." The reports withheld were an investigative report and an offense report regarding the rape of the daughter.

On October 14, 1980, appellant was transferred by order of the juvenile court to district court to stand trial as an adult. *No appeal was taken from this order of transfer* as is provided by TEX.FAM.CODE ANN. sec. 56.01 (Vernon 1974).

After transfer to the district court, appellant was indicted for the aggravated rape of the daughter. Appellant's motion to set aside the indictment and his plea to the jurisdiction of the court were denied. Appellant then pled guilty after entering into a plea bargain agreement with the State.

■ In his first ground of error, appellant asserts error on the part of the trial court in overruling his motion to dismiss the indictment. The motion sought dismissal on the grounds that appellant had been improperly denied discovery during the certification proceedings when the State withheld the notes and reports relating to the rape of the daughter. It is undisputed that appellant failed to perfect an appeal from the juvenile court's order of transfer. While it is true that a *jurisdictional* error in the certification and transfer process may be raised for the first time on appeal from a conviction subsequent to the transfer, *Clemons v. State*, 630 S.W.2d 506, 508 (Tex.App. —Austin 1982, *pet. ref'd*), non-jurisdictional errors must be urged in an appeal from the transfer order itself pursuant to TEX. FAM.CODE ANN. sec. 56.01 (Vernon 1974).

■ Assuming, without deciding, that the denial of discovery in the instant case was error, such an error, if any, does not rise to the level of jurisdictional error and, thus, failure to timely appeal from the order of transfer operated as a waiver of this non-jurisdictional ground of error. *Clemons, supra.*

Appellant's first ground of error is accordingly overruled.

Appellant's second ground of error complains of the trial court's failure to admonish appellant in accordance with TEX. CODE CRIM.PROC.ANN. art. 26.13 (Vernon Supp.1982–83) prior to accepting appellant's plea of guilty.

The record reflects that a plea bargain was entered into and the State concedes that the trial court did not inquire as to the existence of a plea bargain agreement. The trial court did, however, inquire as to the voluntariness of appellant's plea and found appellant mentally competent to enter the plea as required by art. 26.13(b). The court advised appellant of the range of punishment for the offense with which he was charged and further advised him that punishment could be set at any term within that range, thereby complying with art. 26.-13(a)(2). As stated previously, there was no inquiry as to the existence of a plea bargain agreement and, thus, no statement by the court as to whether it accepted or rejected the agreement. The court did not admonish appellant of the fact that if the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant that the trial court would have to give its permission before appellant could appeal on any matter except those raised by written motion prior to trial.

Prior to assessing appellant's punishment, the trial court inquired whether there was any reason why he should not pronounce sentence. No mention of the plea bargain agreement was made by appellant at this time nor was there any request for an inquiry into the existence of such an agreement. Appellant advised the trial court

that a plea bargain agreement did exist *after* punishment had already been assessed by the trial court. The punishment assessed by the trial court was identical to that agreed to in the plea bargain agreement.

 In admonishing a defendant prior to acceptance of a plea of guilty, substantial compliance by the court is sufficient *unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.* TEX. CODE CRIM.PROC.ANN. art. 26.13(c) (Vernon Supp.1982–83) (Emphasis added). Appellant has failed to affirmatively show that he was harmed or misled by the admonishment in the instant case.

The phrase "consequences of [the accused's] plea" as used in art. 26.13(c) has been construed to mean the punishment provided by law for the offense and the punishment which could be inflicted under the plea. *Eubanks v. State,* 599 S.W.2d 815, 816 (Tex.Cr.App.1980). The record clearly indicates that appellant was apprised of and understood both the range of punishment and the trial court's discretion in fixing punishment within that range under his plea.

 The failure of the trial court to inquire as to the existence of a plea bargain agreement was error. However, since the punishment assessed by the trial court was identical to that agreed to by appellant and his attorney in the plea bargain agreement, no harm to appellant is shown. The error does not require reversal of the conviction.

 The trial court erred in failing to admonish appellant, as required by art. 26.-13(a)(3), that in the event the punishment assessed did not exceed that recommended and agreed to, permission of the trial court would be required to appeal all matters not raised by written motion prior to trial. This error, however, does not require reversal of the conviction in the instant case. Appellant has been allowed to prosecute his appeal and this court has considered all matters raised by appellant in his brief, therefore, any harm caused because appellant was unaware, when he pled guilty, of the possible limitation of his right to appeal has been remedied. *See King v. State,* 643 S.W.2d 176, 177 (Tex.App.—Eastland 1982, no pet.).

Appellant having failed to affirmatively show harm resulting from the errors complained of therein, appellant's second ground of error is overruled.

The judgment is affirmed.