**Jimmy Dale LOWE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0214–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 23, 1984.

Kristine C. Woldy, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before JACK SMITH, BASS and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

Appellant was convicted of murder and his punishment was assessed by the jury at sixty years confinement. On April 7, 1983, we issued an opinion affirming the conviction. On August 4, 1983, on motion for rehearing, we withdrew the original opinion, and ordered the appeal abated until the record of the certification hearing in the juvenile court was prepared and included in the appellate record. That record is now filed with this court.

When the appellant was sixteen years of age, he became involved in a fight with Ronald Moorman. A passenger in the appellant's car testified that he and the appellant had been driving around trying to buy drugs, when they saw Moorman and another man sitting in a car parked in front of a pool hall. The two approached Moorman's car, and the appellant inquired of Moorman if he knew where the appellant could get some drugs. An argument ensued and the appellant struggled with Moorman, who was still in his car. The two stopped fighting, and as Moorman began to drive slowly away, the appellant ran back to Moorman's car, leaned into the car, and stabbed Moorman twice. Moorman later died.

Approximately two years after the stabbing incident, the appellant was charged, as a juvenile, with the offense of murder. The State made a motion to the juvenile court to waive jurisdiction, and after a certification hearing, jurisdiction was waived and the appellant was transferred to the district court. He was later tried and convicted of murder.

The appellant asserts in his first ground of error that there was insufficient evidence to support the waiver of jurisdiction by the juvenile court. He urges that the juvenile court abused its discretion in finding that the State did not have probable cause to proceed until after the appellant's 18th birthday because there was insufficient evidence to support this finding. The record reveals that appellant was between sixteen and seventeen years old at the time of the offense, but was nineteen when the State filed its petition.

In Sec. 54.02(j)(4) Tex.Fam.Code Ann. (Vernon Supp.1984), a juvenile court may waive its exclusive original jurisdiction and transfer a person to criminal district court for criminal proceedings if:

(4) the juvenile court finds from a preponderance of the evidence that after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(A) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

Under the Texas Penal Code, sec. 8.07 (Vernon Supp.1984), a juvenile person may not be prosecuted for an offense committed before reaching 17 unless the juvenile court waives its jurisdiction. In the instant case, the trial court stated:

The Juvenile Court finds from a preponderance of the evidence that after due diligence of the State it was not practical to proceed in the juvenile court before the eighteenth birthday of the respondent because the State did not have probable cause to proceed in juvenile court and that new evidence has been found since his eighteenth birthday.

Normally, an appellant is afforded the right to seek review of a juvenile court transfer order by appeal to the court of appeals. Tex.Fam.Code Ann. sec. 56.01(a), (c)(1) (Vernon 1975). Subsection (b) of that section provides that such appeals are controlled by procedural rules generally applicable to appeals in civil cases. *See, L.L.S. v. State*, 569 S.W.2d 495 (Tex.1978). There is nothing in the record before this court which indicates that the appellant appealed the transfer order to a court of appeals pursuant to Section 56.01. Nevertheless, there is authority that a jurisdictional error in the transfer process may be raised for the first time on appeal from a conviction subsequent to the transfer. *See, Johnson v. State*, 594 S.W.2d 83 (Tex.Crim. App.1980); *Watson v. State*, 587 S.W.2d

161 (Tex.Crim.App.1979). However, these cases hold only that a defect of summons, or failure to serve summons, is jurisdictional error thus depriving the juvenile court of the power to transfer a juvenile to district court. The instant case is distinguishable from these cases because insufficiency of evidence is a non-jurisdictional ground of error. No error in the format or service of the petition is claimed in the instant case. An appeal based upon the insufficiency of the evidence in the juvenile court transfer process must be pursued under the provisions of Sec. 56.01 of the Family Code. Failure to do so results in the waiver of the non-jurisdictional ground of error. *See, Clemons v. State,* 630 S.W.2d 506 (Tex. App.—Austin 1982, pet. ref'd).

■ Nonetheless, we have thoroughly reviewed the proceedings before the juvenile court and find the evidence sufficient to support its findings. The appellant's first ground of error is overruled.

■ In his second ground of error, the appellant complains of the absence of the statement of facts from the juvenile court certification hearing. As heretofore stated, that statement of facts is now included in our record and this issue is moot.

The appellant alleges in his third ground of error that the trial court erred in permitting his former wife to testify about a communication he made to her during their marriage. He urges that her testimony violates the marital communication privilege and was not admissible as evidence against him. Tex.Code Crim.Pro.Ann. art. 38.11 (Vernon 1979).

Appellant's former wife testified at trial that she had previously been married to the appellant but was later divorced. She stated that prior to their marriage the appellant told her that he killed a football star at C.E. King High School by stabbing him twice. The appellant's mother was present during this conversation and exhibited newspaper clippings which described the killing of Moorman.

■ We find the appellant's contention regarding marital communication privilege without merit. First, we note that appellant's ex-wife testified that they were not married when the statement was made to her. Second, when a marital communication is made in front of a third party, the privilege is destroyed. The Court of Criminal Appeals has ruled that statements made by husband to his wife in front of the husband's mother are admissible. *Bear v. State,* 612 S.W.2d 931 (Tex.Crim.App.1981). The appellant's third ground of error is overruled.

By his fourth ground of error, the appellant asserts that the evidence is insufficient to show that the deceased died as a result of the two stab wounds allegedly inflicted by the appellant. This assertion is based on the fact that the medical examiner, who performed the autopsy, testified that the immediate cause of death was pneumonia.

■ The appellant's ground of error ignores the principle of causation in criminal law. The record reveals that although the medical examiner stated these type wounds are not normally fatal, he also stated that the pneumonia was a complication of the stab wounds. A person is criminally responsible for his conduct if the result would not have occurred but for his conduct. Tex.Penal Code Ann. sec. 6.04(a) (Vernon 1974). Further, where a wound causes a disease which produces death, the death is attributable to the wound if there is no evidence of gross neglect or improper treatment. *Turner v. State,* 505 S.W.2d 558 (Tex.Crim.App.1974). There is evidence in the record from which the trier of fact could conclude that the pneumonia had been caused by the stab wounds inflicted by the appellant, and there is no evidence that it was caused by anything other than the stab wounds. Appellant's fourth ground of error is overruled.

By his fifth ground of error, the appellant contends that the trial court erred in permitting a witness to testify to drug use by the appellant and to classify him as a habitual user.

■ The record reflects that the appellant failed to preserve any error with

respect to the testimony about which he objects. His objection did not complain that the witness was testifying to extraneous offenses, but complained about the failure to lay a proper predicate. Where the ground of error on appeal does not comport with the objections made at trial, the ground of error should be overruled. *Nelson v. State,* 607 S.W.2d 554 (Tex.Crim. App.1980). The appellant's fifth ground of error is overruled.

The appellant's final ground of error attacks the prosecutor's final argument because it referred to the system of pardons and paroles, and suggested that the appellant be required to serve a long sentence.

As part of his argument, the prosecutor made the following statement:

If he can convince those folks up there [Texas Department of Corrections] that he can rejoin our society and live within the rules of our society and without endangering the other good honest folks in this town, let them make the decision when he is ready to rejoin us.

Appellant's counsel then objected as follows:

MR. LAKE: Your honor, I object to this type of argument. It's going—
THE COURT: Overruled, counsel.

The prosecutor later stated, "Put him in a place where he's not going to bother you or me or anybody else for a long, long time unless he proves that he can live within the confines and rules of our society." This argument was not objected to.

Appellant's objection to the first statement of the prosecutor stated no basis for the objection. Such an objection is a general objection and does not preserve error. *Whittington v. State,* 580 S.W.2d 845 (Tex.Crim.App.1979). The prosecutor's second argument drew no objection and consequently no error was preserved. *Chambers v. State,* 568 S.W.2d 313 (Tex. Crim.App.1978), *cert. denied,* 440 U.S. 928, 99 S.Ct. 1264, 59 L.Ed.2d 484 (1979).

The appellant also objects to the fact that the prosecutor called the third paragraph of the court's charge to the jury's atten-

tion. That paragraph admonished the jurors not to consider how long the appellant would be required to serve. Again, there was no objection to the argument, so error was not preserved. *Whittington,* 580 S.W.2d at 847.

Appellant's sixth ground of error is overruled. The judgment of the trial court is affirmed.