**Wendy Renee SEELKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 87 007 CR.**

Court of Appeals of Texas, Beaumont.

Oct. 21, 1987.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty. and Roger N. Fry, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

BURGESS, Justice.

On September 25, 1983, appellant and others entered a home in Groves, Texas and brutally murdered its occupant. They then fled in the victim's automobile and were apprehended in Florida. Appellant was fifteen years old at the time of the offense. After appellant was apprehended, she was detained by the juvenile authorities. The juvenile judge appointed her an attorney, ordered various psychological examinations and conducted a transfer hearing on November 21, 1983. On November 22, 1983, the juvenile court entered an order waiving its jurisdiction and transferred the proceeding to a criminal district court. Thereafter, the district court conducted an examining trial and bound the case over to the grand jury. The grand jury then indicted appellant for capital murder. On April 26, 1984, appellant plead guilty to the lesser included offense of murder. After a pre-sentence investigation, the trial court assessed punishment at life in the Texas Department of Corrections.

By a letter dated June 19, 1984, appellant attempted to give written notice of appeal. The letter was apparently received by the trial court on June 25, 1984. In response, the trial court entered an "order" which stated, in pertinent part:

The time for the giving of notice of appeal with the trial court has expired.

Accordingly, the matter is hereby transferred to the 9th Court of Appeals. If that Court permits the giving of late notice of appeal, then the appeal process will begin in this Court, and counsel appointed.

This order was file marked by our court on July 10, 1984, but no action was ever taken. Subsequently, on January 7, 1987, the trial court entered another "order" which recited the then existing facts and sent this order to our court. This "order" was filed by our court on January 8, 1987, and on January 14, 1987, we granted appellant an out-of-time appeal and then abated the appeal for a determination of indigency. The trial court then appointed appellate counsel. Appellant now appeals on a single point of error. She alleges she is entitled to a new trial because she has been denied a complete statement of facts on appeal.

This point is urged because the official court reporter for the juvenile court has destroyed her notes of the certification or transfer proceeding after keeping them for over three years. Appellant thus urges that *Dunn v. State*, 733 S.W.2d 212, 216 (Tex.Crim.App.1987) is controlling wherein the court held that the omission of a portion of the statement of facts for the record on appeal mandates reversal irrespective of whether the accused shows or even alleges harm.

■ This case, however, presents a slightly different question. What is missing in this instance is not a portion of the record of the proceeding in the district court, but a portion of the record before the juvenile court. This is an important distinction. It is important because a juvenile is allowed an appeal of the certification or transfer order under *TEX.FAM.CODE ANN. sec. 56.01(a) & (c)(1)* (Vernon 1986). Only jurisdictional error in the transfer process may be raised for the first time on appeal from a conviction subsequent to the transfer. *Johnson v. State*, 594 S.W.2d 83, 85 (Tex.Crim.App.1980). Non-jurisdictional defects in the transfer process should be urged in an appeal from the transfer order. *Ex parte Calvin*, 689 S.W.2d 460, 463 (Tex. Crim.App.1985). Unless thus raised, these non-jurisdictional defects are waived. *Stubblefield v. State*, 659 S.W.2d 496, 498 (Tex.App.—Fort Worth 1983, no pet.); *Clemons v. State*, 630 S.W.2d 506, 508 (Tex.App.—Austin 1982, pet. ref'd).

■ In the instant case, appellant alleges no jurisdictional error but simply makes the broad general statement that she is unable to determine if there are jurisdictional complaints without the statement of facts of the transfer hearing. We have before us the motion for discretionary transfer hearing, the various summonses required, and the order of the transfer. These show that jurisdiction was properly conferred on the district court. We fail to see how the absence of the statement of

facts on the transfer hearing can affect the record concerning jurisdiction. We, therefore, hold that the statement of facts of the transfer hearing is not a portion of the record of the trial as required by the *TEX. CODE CRIM.PROC.ANN. art. 40.09* (Vernon 1979), now *TEX.R.APP.P. 50.* Since the Code of Criminal Procedure does not apply until a juvenile defendant is transferred to district court, *Robinson v. State,* 707 S.W.2d 47, 49 (Tex.Crim.App.1986), the absence of the statement of facts of a certification hearing is not an incomplete record to require reversal under *Dunn.* We affirm the judgment of the trial court.

AFFIRMED.