**Willie T. ADAMS, Appellant**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–91–00387–CR.**

Court of Appeals of Texas, Dallas.

Feb. 20, 1992.

Kenneth D. Carden, Las Collinas, for appellant.

Kathi A. Drew, Asst. Dist. Atty., Dallas, for appellee.

Before BAKER, THOMAS and BURNETT, JJ.

## OPINION

BAKER, Justice.

Willie T. Adams appeals his conviction for attempted capital murder. A jury found him guilty and assessed a life sentence. He contends that the trial court was without jurisdiction because the juvenile court's transfer order was void. We disagree. We affirm the trial court's judgment.

## PROCEDURAL BACKGROUND

Appellant was sixteen years old when he committed the offense. The State charged him with attempted capital murder as a juvenile. The State moved the juvenile court to waive jurisdiction and to transfer appellant to the district court for trial as an adult.

Before any certification proceeding, appellant's appointed trial counsel raised a suggestion of mental retardation. *See* TEX. FAM.CODE ANN. § 55.03 (Vernon 1986). A juvenile court ordered an examination as required by statute. The juvenile court held a certification hearing and considered the issue of mental retardation. The court found appellant was not a mentally retarded child under the applicable statute. *See* TEX.FAM.CODE ANN. § 55.03(a) (Vernon 1986). The juvenile court waived jurisdiction and certified appellant to stand trial as an adult.

Appellant filed a motion for new trial, which the juvenile court granted. The court held a second certification hearing and again waived jurisdiction and certified appellant to stand trial as an adult. Appellant did not file a new motion for suggestion of mental retardation in the second hearing, nor did he reurge his previous motion. The juvenile court did not consider the condition of appellant's mental status. Appellant did not appeal the certification

procedure. *See* TEX.FAM.CODE ANN. § 56.01 (Vernon Supp.1992).

Later, the grand jury indicted appellant for attempted capital murder. The district court tried appellant for the offense. The jury found him guilty. He appeals from the conviction, not from the certification hearing.

## APPELLANT'S CONTENTION

In one point of error, appellant contends because the juvenile court did not consider and rule on the suggestion of his mental retardation in the second certification hearing, the transfer order was void. Therefore, appellant contends the criminal district court did not have jurisdiction over him.

## APPLICABLE LAW

■ Ordinarily, to complain of an error in the certification process a person must appeal the transfer order to the court of appeals. *See Lowe v. State*, 676 S.W.2d 658, 660–61 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd); *Clemons v. State*, 630 S.W.2d 506, 508–09 (Tex.App.—Austin 1982, pet. ref'd); TEX.FAM.CODE ANN. § 56.-01(a), (c)(1) (Vernon Supp.1992). An appellant may raise only a jurisdictional error in the transfer process for the first time on appeal from a conviction after the transfer. *See Johnson v. State*, 594 S.W.2d 83, 86 (Tex.Crim.App. [Panel Op.] 1980), *overruled on other grounds, Hardesty v. State*, 659 S.W.2d 823, 825 (Tex.Crim.App. 1983); *Watson v. State*, 587 S.W.2d 161, 162 (Tex.Crim.App.1979).

## THE ISSUE

■ The question is whether the trial court's failure to consider appellant's mental condition during the second certification proceeding is a jurisdictional error that appellant may assert for the first time in this appeal from his conviction in the criminal district court.

Appellant argues that if the juvenile court omits one of the necessary steps it must follow before a district court can try a juvenile as an adult, or if a jurisdictional defect renders a step void, then there is no jurisdiction to proceed with the next step. *See Watson*, 587 S.W.2d at 163.

Appellant contends the transfer hearing procedure must be jurisdictionally correct.

He argues that raising the issue of his mental condition at the first certification hearing required the juvenile court to consider and rule on that suggestion at the second hearing. He argues that once an appropriate motion raises the issue, the juvenile court must hear evidence and determine the issue. *See T.P.S. v. State*, 590 S.W.2d 946, 952 (Tex.App.—Dallas 1979, writ ref'd n.r.e.). Appellant concludes that the failure of the trial court to hear evidence and rule on the issue is a jurisdictional defect in the certification process. Therefore, the certification process was void, and the criminal district court had no jurisdiction. We disagree.

### A. Jurisdictional or Trial Error— Judgment Void or Voidable?

■ A judgment is void only if the court rendering the judgment had no jurisdiction over a party or his property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *Austin Indep. School Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex.1973); *Powell v. Texas State Bd. of Medical Examiners*, 734 S.W.2d 138, 141 (Tex.App.—Dallas 1987, no writ). If the error asserted does not involve one of these specific issues, a judgment is merely voidable—not void. A voidable judgment is not subject to collateral attack in another court of equal jurisdiction. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985).

Appellant's only claim is that the trial court erred in the second certification hearing by not considering the suggestion of mental retardation asserted in the first certification hearing. Appellant does not contend that the juvenile court did not have: (1) jurisdiction over his person; (2) jurisdiction over the subject matter; (3) jurisdiction to enter the particular judgment; or (4) capacity to act as a court. We hold the

**34**

error, if any, does not rise to the level of jurisdictional error.

### B. The Effect of the Court's Order for New Trial

 The juvenile court's granting of appellant's motion for new trial after the first certification proceeding reinstated the case on the trial court's docket as if there had been no previous trial. *See Wichita Falls Traction Co. v. Cook,* 122 Tex. 446, 60 S.W.2d 764, 768 (1933); *Schaffer v. Speckels,* 62 S.W.2d 85 (Tex. Comm'n App. 1933, holding approved). Therefore, the case stands as originally filed as if the court held no trial or hearing. *See Pinkley v. Vega,* 768 S.W.2d 473, 475 (Tex.App.—El Paso 1989, no writ). In our view, this circumstance required appellant to remake or reurge any motions about his mental condition at the second certification hearing. Because he did not do so, he waived the complaint. *See* TEX.R.APP.P. 52(a).

Additionally, because the error complained of is not jurisdictional and because appellant did not timely appeal from the transfer order, he waived this alleged ground of error. *See Stubblefield v. State,* 659 S.W.2d 496, 498 (Tex.App.—Fort Worth 1983, no pet.); *Clemons,* 630 S.W.2d at 508–09. A review of the authorities upon which appellant relies shows they are distinguishable.

In *Watson,* the Texas Court of Criminal Appeals held appellant's collateral attack on the certification proceeding was proper because the certification hearing record showed summons was not served on Watson in the first transfer proceeding—a jurisdictional error. *Austin Indep. School Dist.,* 495 S.W.2d at 881; *Watson,* 587 S.W.2d at 162–63. In *Johnson,* the record showed the failure to serve summons on Johnson in the certification procedure— again, a jurisdictional error. *Austin Indep. School Dist.,* 495 S.W.2d at 881; *Johnson,* 594 S.W.2d at 84–85. Finally, in *T.P.S.* the complaint was not a collateral but a direct attack on trial error. *See T.P.S.,* 590 S.W.2d at 947.

### CONCLUSION

We hold, under the specific facts in this case, that the trial court's failure to consider and rule on appellant's mental condition in the second certification proceeding was not a jurisdictional defect that renders the transfer order void. The district court had jurisdiction over appellant. We overrule appellant's point of error.

We affirm the trial court's judgment.