**William KNOBLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–94–375 CR.

Court of Appeals of Texas, Beaumont.

Submitted May 4, 1995.

Decided Aug. 16, 1995.

David Bluestein, Conroe, for appellant.

Daniel C. Rice, Dist. Atty., Conroe, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Capital Murder. Appellant had originally been charged as a juvenile in March, 1993, with engaging in delinquent conduct with regard to the instant offense. In June, 1993, the Juvenile Court of Montgomery County waived jurisdiction and transferred the case to the 359th District Court. Appellant subsequently pleaded guilty and was sentenced to life in the Institutional Division of the Texas Department of Criminal Justice, the mandatory sentence for Capital Murder when committed by a person under the age of 17. TEX.PENAL CODE ANN. § 8.07(d) (Vernon 1994).

Our records reflect that appellant prosecuted an appeal from said transfer order with this Court issuing an unpublished opinion styled, *In the Matter of W.K., a child,* No. 09–93–226 CV, slip op., 1994 WL 613647 (Tex.App.—Beaumont, November 3, 1994, no writ.). The sole point of error in that appeal, decided adversely to appellant, stated, "The trial court erred in considering evidence contained in the Psychologists (sic) Supplemental Report which referred to statements attributed to the Appellant's brother by a third party and verified by a polygraph (lie detec-

tor) test." In the instant appeal, the lone point of error provides, "The 359th District Court of Montgomery County, Texas, did not have jurisdiction to proceed with criminal prosecution against Appellant." Although couched in terms of a jurisdictional defect, appellant's point of error actually appears to be complaining of the sufficiency of the evidence of his age at the transfer proceedings in Juvenile Court. This is apparent from the following portion taken from appellant's brief:

> Texas Family Code, Section 54.02 permits the Juvenile Court to waive its exclusive jurisdiction and transfer the child to the appropriate district court for criminal proceedings if three factors exist. The factor in question here, Section 54.02(a)(2) requires the child be 15 years of age or older at the time he is alleged to have committed the offense. The State by pleading in its Motion to Waive Jurisdiction that Appellant was older than fifteen (15), was bound to prove Appellant was sixteen (16) years of age. The State of Texas by specifically pleading "over the age of fifteen (15)" chose to exclude that group of individuals specifically provided for in the statute, those juveniles fifteen (15) years of age. The entire record is devoid of any proof that supports the state's allegations in its motion to waive jurisdiction that the appellant is over the age of fifteen (15). Therefore the juvenile court improperly certified the appellant to criminal court and the 359th District court was without jurisdiction and lawful authority to proceed and treat appellant as an adult. All orders of the 359th district court are null and void. (emphasis in original) (sic et passim)

 Ordinarily, to complain of an error in the certification process a person must appeal the transfer order to the court of appeals. *Adams v. State*, 827 S.W.2d 31, 33 (Tex.App.—Dallas 1992, no writ); *Lowe v. State*, 676 S.W.2d 658, 660–661 (Tex.App.— Houston [1st Dist.] 1984, pet. ref'd); *Clemons v. State*, 630 S.W.2d 506, 508–509 (Tex. App.—Austin 1982, pet. ref'd); TEX.FAM. CODE ANN. § 56.01(a), (c)(1) (Vernon Supp. 1995). An appellant may raise only a jurisdictional error in the transfer process for the first time on appeal from a conviction after the transfer. *Adams, supra* at 33. To reiterate, as we appreciate appellant's real complaint in the instant appeal it is that there was insufficient evidence introduced during the transfer hearing to support the State's petition alleging appellant to be "over the age of fifteen (15) years." The question we pose at this point is whether the issue before this Court is one of jurisdiction or merely trial error?

In *Adams*, the Dallas Court had to contend with the identical issue. We quote from the Dallas Court's opinion in *Adams*:

> A judgment is void only if the court rendering the judgment had no jurisdiction over a party or his property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. [citations omitted] If the error asserted does not involve one of these specific issues, a judgment is merely voidable—not void. A voidable judgment is not subject to collateral attack in another court of equal jurisdiction. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985).

*Adams, supra* at 33.

It has been held that an appeal based upon the insufficiency of the evidence in the juvenile court transfer process must be pursued under the provisions of § 56.01 of the Family Code, since insufficiency of evidence is a nonjurisdictional defect. *Lowe, supra* at 661. As the error complained of by appellant is not jurisdictional and because appellant did not timely appeal this nonjurisdictional defect from the original transfer order, he waives this point of error. *Adams, supra* at 34; *Stubblefield v. State*, 659 S.W.2d 496, 498 (Tex.App.—Fort Worth 1983, no pet.). Point of error one is overruled. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.