**Ex parte Ronald William JACKSON.**

No. 05–02–01211–CV.

Court of Appeals of Texas, Dallas.

April 29, 2004.

Ronald William Jackson, for appellant.

William T. (Bill) Hill, Jr., Donald G. Davis, Assistant District Attorney, Dallas, Philip L. Cline, Austin, Larissa Roeder, Assistant Criminal District Attorney, Dallas, for appellee.

Before Justices MORRIS, WHITTINGTON, and JAMES.

## OPINION

Opinion by Justice JAMES.

Ronald William Jackson appeals from an order denying the expunction of his arrest and court records for the felony offense of rape. Jackson argues (1) the court did not have discretion to deny his petition, and (2) the court denied him due process for failing to provide findings of fact and conclusions of law. We affirm the trial court's order.

### BACKGROUND

Jackson was arrested in 1966 for two counts of rape. After the juvenile court certified him as an adult on November 23, 1966, the juvenile court transferred Jackson to criminal district court. On December 9, 1966, the criminal district court ordered the case to be transferred to the grand jury. The grand jury returned indictments in cause numbers C–66–4787–H and C66–4788–H. Afterward, cause number C–66–4788–H was reindicted as cause number C–67–833–JH; cause number C6–4788–H was later dismissed.

In 1980, Jackson filed an application for writ of habeas corpus in which he argued he was never served personally with citation for the petition to certify him to be tried as an adult. The unpublished opin-

ion of the court of criminal appeals [1] reflects that the court dismissed the indictments because it concluded the district court did not have jurisdiction over Jackson. *See Ex parte Ronald William Jackson,* No. 67,705, 640 S.W.2d 310 (Tex.Crim. App. Oct. 20, 1982) (not designated for publication). The court determined the juvenile court never properly served Jackson with summons for the hearing in which he was certified as an adult. Therefore, the court further determined, the juvenile court's order certifying Jackson to be tried as an adult was a nullity, leaving the district court without jurisdiction over Jackson for the criminal proceedings. The court vacated the judgments and dismissed the indictments.

## DENIAL OF PETITION

▮▮▮ In his first point of error, Jackson argues the court did not have discretion to deny his petition for expunction; he argues he met all of the requirements under article 55.01(a)(2). Although section 55.01, the expunction statute, is included in the code of criminal procedure, an expunction proceeding is a civil proceeding; thus, the petitioner carries the burden of proving compliance with the statutory requirements. *Ex parte Guajardo,* 70 S.W.3d 202, 205 (Tex.App.-San Antonio 2001, no pet.); *Kendall v. State,* 997 S.W.2d 630, 631 (Tex.App.-Dallas 1998, pet. denied). We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Guajardo,* 70 S.W.3d at 204.

Article 55.01 of the code of criminal procedure (as it existed at the time of trial) [2] specifies when a person is entitled to an expunction of his records relating to an arrest in an indicted felony case. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01. Jackson sought expunction under article 55.01(a)(2), which provides a person is entitled to expunction if the petitioner proves: (1) if an indictment has been presented, the indictment was dismissed because the presentment was made due to mistake, false information, or other similar reason indicating absence of probable cause or *because it was void;* (2) he has been released and the charge did not result in a final conviction; and (3) he has not been convicted of a felony in the five years preceding the date of the arrest. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2); *Kendall,* 997 S.W.2d at 631. Jackson argues he met his burden under article 55.01 because he met all of the requirements under the statute. The State contends Jackson did not meet the requirements of article 55.01(a)(2)(A). We disagree with the State; Jackson did show the indictments were void.

As discussed in the court proceeding below, the court of criminal appeals dismissed the indictments. Jackson argued to the court that based on the dismissal by the court of criminal appeals, the indictments were void. We agree. The juvenile court was the court with exclusive jurisdiction over Jackson. The order transferring the case to the criminal district court was void because Jackson was not served with the summons for the transfer hearing. *See Watson v. State,* 587 S.W.2d 161, 162

---

1. Both parties rely on the action of the court of criminal appeals in their argument, and the State attached a copy of the opinion to its brief.

2. Article 55.01 has been amended since the date of Jackson filed his petition for expunction. *See* Act of May 17, 2001, 77th Leg.,

R.S., ch. 1021, § 1, 2001 Tex. Gen. Laws 2236, 2237 (current version at TEX.CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp.2004)). Because this amendment did not take effect until September 1, 2001, *see id.,* we will apply the article as it existed before the amendment became effective, but we will cite to the current statute for convenience.

(Tex.Crim.App.1979) (op. on reh'g) (service of summons jurisdictional requirement that cannot be waived; failure to make such service deprived juvenile court of jurisdiction to transfer and transfer was nullity); *Clemons v. State*, 630 S.W.2d 506, 508 (Tex.App.-Austin 1982, pet. ref'd) (same). Accordingly, any action taken subsequent to that void order is also void. *See Watson*, 587 S.W.2d at 163; *cf. Nix v. State*, 65 S.W.3d 664, 667–68 (Tex.Crim. App.2001) (if original probation order void, order revoking probation void). Because the district court did not have jurisdiction over Jackson when it transferred the case to the grand jury, the grand jury was without authority to return any indictment over Jackson. Therefore, we conclude that all of the indictments presented by the grand jury subsequent to the transfer from the juvenile court were void.

■ However, an analysis of 55.01(a)(2)(A) is insufficient to dispose of Jackson's case. Jackson also had the burden to show he met the requirements for expunction under article 55.01(a)(2)(B) and (C). Under article 55.01(a)(2)(C), Jackson had to show he had not been convicted of a felony in the five years preceding the date of the arrests. Jackson had alleged in his petition that he met all of the statutory requirements under article 55.01 for expunction. The State filed a general denial, demanding "strict proof" of all of Jackson's allegations. When a party files a general denial in the trial court, the plaintiff is put to proof on all issues he alleged in his petition or pleading. *See Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex.2001). Accordingly, the State did contest Jackson's assertion he had met all of the requirements under article 55.01, and Jackson was required to put on evidence for each requirement. We have reviewed the record and conclude Jackson provided no evidence he met the requirements for 55.01(a)(2)(C).

During the hearing, the court asked Jackson if he had any additional testimony or evidence. Jackson responded he did not, and that "[t]he records and everything will take care of everything." However, there are no records indicating Jackson's criminal history for the five years prior to his arrest for these cause numbers. Accordingly, Jackson did not meet his burden of proving compliance with article 55.01 because there is no evidence he was not convicted of a felony during the five years preceding his arrest. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(C). We hold the court did not abuse its discretion in denying Jackson's petition for expunction. *See Guajardo*, 70 S.W.3d at 204. We overrule Jackson's first point of error.

### FAILURE TO FILE FINDINGS OF FACT

■ In his second point of error, Jackson complains of the trial court's failure to file written findings of fact. A trial court's failure to make findings of fact and conclusions of law after a party has made a timely and proper request is not error unless the record before the appellate court affirmatively shows the complaining party has been prejudiced by the failure. *Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 622 (Tex.App.-Corpus Christi 2000, pet. denied) (citing *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex.1996) (per curiam)). To determine if a party has suffered injury, we assess whether the complaining party had to guess why the trial court ruled against it. *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 652 (Tex.App.-Corpus Christi 2002, no pet.). Put another way, the issue is whether there are disputed facts to be resolved. *Id.*

■ The trial court's order was signed July 31, 2001. Jackson filed his request for findings of fact on September 10, 2001.

He has asserted, though, that he mailed the request on August 15, 2001. Assuming without deciding, then, that his original request was timely, Jackson, however, did not file a notice of past due findings of fact as required under rule 297. *See* Tex.R. Civ. P. 297; *Am. Realty Trust, Inc. v. JDN Real Estate McKinney, L.P.*, 74 S.W.3d 527, 530 (Tex.App.-Dallas 2002, pet. denied). Therefore, Jackson has waived his ability to complain on appeal about the failure of the trial court to file findings of fact.

■ Notwithstanding waiver, Jackson has not been prejudiced by any failure of the court to file findings of fact. The issues presented to the trial court in this case were straightforward: whether Jackson met the requirements under article 55.01(a)(2). The appellate record clearly shows that Jackson failed to produce any evidence showing he met the conditions of article 55.01(a)(2)(C). Accordingly, we conclude Jackson was not harmed by the trial court's failure to file findings of fact and conclusions of law. We overrule Jackson's second point of error.

We affirm the judgment of the trial court.