**Steven Eugene THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–86–123 CR.**

Court of Appeals of Texas, Beaumont.

April 22, 1987.

Rehearing Denied May 13, 1987.

Douglas Barlow, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., Beaumont, John R. DeWitt, Asst. Criminal Dist. Atty., for appellee.

## OPINION

DIES, Chief Justice.

Appellant was indicted for burglary of a building with additional enhancements. A jury convicted him and assessed his punishment at thirty years in the Texas Department of Corrections. Appeal has been perfected to this Court.

Appellant's first point of error complains of prosecutorial argument, as follows:

"I don't know how many of you have noticed during the trial, but the defendant has a spider tattoo on his neck, and I submit to you that on the night of this burglary—

"[DEFENSE COUNSEL]: Your Honr [sic], we object to that, as being outside the Record. There's no evidence of that in the testimony.

"THE COURT: Overruled.

"[PROSECUTOR]: On the night of the burglary this man did just as a spider would do. What happens when you walk up on a spider and the spider thinks that you have seen him, and he stops and he crouches down, just like a spider who's about to be caught."

The prosecutor was probably referring to the manner Appellant was found and arrested. He was found crouching in the woods not far from the burglarized building.

There is no evidence in the record that Appellant had a spider tattooed on his neck. The State counters, "Apparently, Appellant's tatoo was in plain view." But, we don't know that, nor do we see where any comment on it by the prosecutor is called for. We haven't in the past gotten very far in trying to rein prosecutor's voir dire and jury arguments. Of course, offensive remarks almost never follow the guidelines of *Dunbar v. State*, 551 S.W.2d 382 (Tex.Crim.App.1977), which clearly set forth the parameters of such argument: (1) a summation of the evidence; (2) a reasonable deduction from the evidence; (3) answer to the opposition argument; and (4) a plea for law enforcement.

But there are at least two reasons why a reversal may stand up in this case. First, the trial court overruled Appellant's objection and approved the remark. Secondly, *Jordan v. State*, 646 S.W.2d 946, 947 (Tex. Crim.App.1983), is pretty close to our situation here. There, "[a]t the punishment stage of the trial, shortly prior to completing his jury argument, one of the prosecuting attorneys made the following statement to the jury:

"I can't show you his arms, he's [referring to the appellant Darrell Wayne Jordan] got long sleeves on, and I don't know if you can see hers [referring to appellant Diane Jordan] or not—

\* \* \* \* \* \*

"—but look at the needle tracks on them."

The Court said (id.):

"Unquestionably, by the unsworn and not admitted into evidence statements of the prosecuting attorney, the jury was left to speculate on whether or not the appellants had needle marks on their arms, which if resolved in the affirmative would lead the jury to further speculate whether or not the appellants had been injecting themselves with a substance such as heroin versus something such as insulin."

Appellant had been indicted for the felony possession of marihuana.

In the case at bar, we are not confronted with the question of whether the prejudice of the remarks outweighs any probative value it may have [see *Jordan, supra* at 948, citing *Powell v. State*, 478 S.W.2d 95 (Tex.Crim.App.1972) ]. The presence of a tattoo on Appellant's neck has *no* probative value for Appellant's charge.

The State says "[a] similar type of simile was again made by the prosecutor later in his argument, with no objection." Here is the verbiage:

"When he was running off I submit to you that he was smart enough to know that if he stopped and crouched down like a spider, and his buddy kept running, then the police would follow the footsteps and not the person that was crouched down."

■ Appellant attacks the sufficiency of the evidence. His position was he was riding with one "Raymond." That he ran into the woods because of excess drinking. And that he saw "Raymond" break into the Tex-Pack building. However, it's generally up to the trier of the facts to decide what to believe. *Hernandez v. State*, 538 S.W.2d 127 (Tex.Crim.App.1976). Appellant was found not far from the premises involved. Near his feet was an envelope containing $45, and there is testimony he knew the amount of money in the envelope (before it was counted by the police). The jury undoubtedly believed he had fled the scene of the crime. Flight, of course, is a circumstance of guilt. *Rumbaugh v. State*, 629 S.W.2d 747 (Tex.Crim.App.1982). Appellant offered no explanation of possession of the envelope. We believe the evidence was sufficient to support the jury verdict. *Goodrum v. State*, 700 S.W.2d 630 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). We thus overrule Appellant's point of error directed to the sufficiency of the evidence. However, we sustain Appellant's first point of error concerning prosecutorial argument, reverse this case, and remand it for a new trial.

Reversed and Remanded.