ACCEPTED
01-14-00862-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/31/2015 7:17:22 PM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00862-CR

In the
## Court of Appeals for the First District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/31/2015 7:17:22 PM

CHRISTOPHER A. PRINE
Clerk

————————◆————————

## No. 1364962
In the 178th District Court
Of Harris County, Texas

————————◆————————

## ANDRE DEMONT THOMPSON
*Appellant*
V.
## THE STATE OF TEXAS
*Appellee*

————————◆————————

## STATE'S APPELLATE BRIEF

————————◆————————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**DAVID ABRAMS**
Assistant District Attorney

**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
State Bar No. 24058991

1201 Franklin, Suite 600
Houston, Texas  77002
Tel.:  713/755-5826
Fax No.:  713/755-5809

*Counsel for Appellee*

ORAL ARGUMENT NOT REQUESTED

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

**COUNSEL FOR THE STATE:**

Ms. Devon Anderson — District Attorney

Mr. David Abrams — Assistant District Attorney at trial

Ms. Heather A. Hudson — Assistant District Attorney on appeal

**APPELLANT:**

Andre Demont Thompson

**COUNSEL FOR APPELLANT:**

Mr. Jules Johnson
Mr. Eric Davis — Assistant Public Defenders at trial

Mr. Glenn J. Youngblood — Appointed counsel on appeal
Mr. Franklin Bynum — Retained counsel on appeal

**PRESIDING JUDGE:**

Hon. David L. Mendoza

## STATEMENT REGARDING ORAL ARGUMENT

The State believes the briefs in this case adequately apprise this Court of the issues and the law, and any marginal benefit from oral argument does not justify the considerable amount of time that preparation for oral argument requires of the parties and the Court. Therefore, the State does not request oral argument.

## TABLE OF CONTENTS

IDENTIFICATION OF THE PARTIES ...................................................................i

STATEMENT REGARDING ORAL ARGUMENT................................................ ii

INDEX OF AUTHORITIES............................................................................... iii

STATEMENT OF THE CASE..............................................................................1

STATEMENT OF FACTS ...................................................................................1

SUMMARY OF THE ARGUMENT .....................................................................3

REPLY TO APPELLANT'S FIRST POINT OF ERROR .......................................4

    I.    Defense counsel's general objections to an "improper argument" are insufficient to preserve error for appellate review...............................6

    II.    The prosecutor's jury argument was justified as a reasonable deduction from the evidence. ...............................................................8

    III.    The prosecutor's jury argument was not so extreme or manifestly improper as to constitute reversible error. .................................................13

CONCLUSION AND PRAYER ...........................................................................15

CERTIFICATE OF COMPLIANCE.......................................................................15

CERTIFICATE OF SERVICE ..............................................................................16

# INDEX OF AUTHORITIES

**CASES**

*Allen v. State*,
No. 12-02-00138-CR, 2004 WL 187217 (Tex. App.--Tyler Jan. 30, 2004, no pet.) (not designated for publication)............................................................14

*Belton v. State*,
900 S.W.2d 886 (Tex. App.--El Paso 1995, pet. ref'd) .......................................11

*Branch v. State*,
774 S.W.2d 781 (Tex. App.--El Paso 1989, pet. ref'd) .......................................11

*Broussard v. State*,
910 S.W.2d 952 (Tex. Crim. App. 1995)...............................................................12

*Brown v. State*,
978 S.W.2d 708 (Tex. App.--Amarillo 1998, pet. ref'd)......................................9

*Buchanan v. State*,
207 S.W.3d 772 (Tex. Crim. App. 2006)..............................................................6

*Burns v. State*,
556 S.W.2d 270 (Tex. Crim. App. 1977)..............................................................11

*Davis v. State*,
329 S.W.3d 798 (Tex. Crim. App. 2010)..............................................................8

*Everett v. State*,
707 S.W.2d 638 (Tex. Crim. App. 1986)..............................................................8

*Gaddis v. State*,
753 S.W.2d 396 (Tex. Crim. App. 1988)..............................................................9

*Garza v. State*,
783 S.W.2d 796 (Tex. App.--San Antonio 1990, no pet.) ...................................11

*Gonzalez v. State*,
115 S.W.3d 278 (Tex. App.--Corpus Christi-Edinburg 2003, pet. ref'd)......................................................................................... 8, 9, 13, 14

*Hernandez v. State*,
791 S.W.2d 301 (Tex. App.--Corpus Christi 1990, pet. ref'd)............................14

*Lowe v. State*,
   676 S.W.2d 658 (Tex. App.--Houston [1st Dist.] 1984) .........................................7

*Martinez v. State*,
   17 S.W.3d 677 (Tex. Crim. App. 2000).................................................................14

*Miles v. State*,
   312 S.W.3d 909 (Tex. App.--Houston [1st Dist.] 2010, pet. ref'd).......................6

*Rocha v. State*,
   16 S.W.3d 1 (Tex. Crim. App. 2000).....................................................................8

*Thompson v. State*,
   729 S.W.2d 132 (Tex. App.--Beaumont 1987, pet. ref'd)....................................10

*Tompkins v. State*,
   774 S.W.2d 195 (Tex. Crim. App. 1987)...................................................... 12, 14

*Wesbrook v. State*,
   29 S.W.3d 103 (Tex. Crim. App. 2000)......................................................... 9, 14

**RULES**

TEX. R. APP. P. 33.1(a) ........................................................................................6

TEX. R. APP. P. 44.2(b).......................................................................................13

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was indicted on a charge of murder. (C.R. 15). Appellant proceeded to trial and was convicted by a jury of the charged offense. (C.R. 109-10). The jury sentenced appellant to 30 years in the Institutional Division of the Texas Department of Criminal Justice. (C.R. 109-10). Appellant filed a timely written notice of appeal on October 8, 2014. (C.R. 113). On April 13, 2015, appointed counsel for appellant filed an *Anders* brief asserting that the appeal was wholly frivolous. On June 22, 2015, appellant's newly-retained counsel filed a brief on appellant's behalf raising a single point of error.

## STATEMENT OF FACTS

On the evening of October 5, 2012, Jackie Bergeron and the complainant, Thomas Williams, Jr., were at the Green Arbor apartment complex in Houston waiting for a ride. (3 R.R. 164-66). While at the complex, Bergeron saw appellant hanging out by the playground. (3 R.R. 170). Bergeron and appellant had previously gotten into a fistfight. (3 R.R. 169). When appellant spotted Bergeron and the complainant, he approached them with a gun visibly tucked in his pants. (3 R.R. 174). A verbal confrontation ensued. (3 R.R. 175-76). Williams told appellant he was not worried about appellant's gun because they also had guns. (3 R.R. 177). Williams lifted his shirt to display an unloaded pistol tucked in his

pants. (3 R.R. 177-78). At some point, appellant placed his hand on his gun, and Bergeron and Williams turned to leave. (3 R.R. 181-83). Bergeron ran when he heard gunshots behind him. (3 R.R. 182-83). He looked back and saw Williams fall. (3 R.R. 184). Bergeron circled back around and found the deceased complainant lying face-down on the ground. (3 R.R. 185-86).

The offense was also witnessed by a resident of the apartment complex who looked out the window when he heard several gunshots. (4 R.R. 94-95). He saw a black man with a gun chasing a boy.[1] (4 R.R. 96). The resident saw the boy fall face down, and the man stood over the boy and shot him two more times before fleeing the scene. (4 R.R. 97-98).

An autopsy of the complainant revealed that he had been shot seven times. (5 R.R. 26). His injuries were consistent with the witnesses' testimony that he was shot from behind as he attempted to flee from appellant. (5 R.R. 29-44).

---

[1] The complainant was only 15 or 16 years old. (3 R.R. 164; 4 R.R. 115).

2

# SUMMARY OF THE ARGUMENT

Appellant has not preserved a claim that the trial court erred in overruling defense counsel's objections to the prosecutor's improper jury argument. Counsel's general objections to "improper argument" were not sufficient to preserve a complaint that the prosecutor was engaging in improper name-calling. Moreover, it was not improper for the prosecutor to compare appellant to a lion and a shark while making a plea for law enforcement because these comparisons were reasonable deductions from the evidence. Even if the jury argument was improper, it was not so extreme or manifestly improper as to require reversal.

## REPLY TO APPELLANT'S FIRST POINT OF ERROR

In a single point of error, appellant complains that the trial court erred by overruling objections to the prosecutor's jury argument at the punishment phase of trial because the prosecutor improperly referred to appellant as a monster or a wild animal. *See* (Appellant's Brief p. 9). The prosecutor argued, in relevant part, as follows:

> So, just focus on the amount of years.
>
> And in determining that, you heard the expression, "Motivation determines behavior." What that means is that who you are as a person, decides how you act. I don't know if any of you saw that it was in a video back on CNN, maybe six months, a year ago, something like that, where it was a mother, who had her little baby, and she was holding - - she was at the zoo - - and she holding this baby near the lion cage.
>
> And there was a clear plastic barrier between this baby and the lion, and the baby is sitting there dancing, moving around, and the lion comes out. It's gnawing right there. Everybody thinks, oh, it's hilarious. It's cute. It's so great mom's filming it, sends it to CNN, everybody watches it. But was that really cute? What would have happened if that glass barrier was not there? That baby is a goner. Because the motivation of a lion, a lion is a killer. A lion is a predator. That lion would have eaten that baby and nothing would have changed.
>
> The defendant is a killer. He is a predator. We know he carries guns. We know that he will use a gun if you provoke him verbally. And we know that he will chase you down, firing round after round into your back and sides and then stand over you and execute you.
>
> . . . . . . . . . .

Giving someone time for what they did, giving them less time, and then them getting out and victimizing someone else again, that is the scariest thing. That is the real fear that we have, right, that it happens again.

Have you guys seen the movie, Jaws?

MR. JOHNSON:     Objection; improper argument.

THE COURT:     Overruled.

MR. ABRAMS:     Have you seen the movie, Jaws? I mean, for those who haven't seen it, it's a [sic] about a man-eating shark, right? And there is a scene in which there [sic] on a dock, all right.

And Chief Brody, he's one of the main characters in the movie. And they're on this dock, and he had this gigantic shark hanging right there and he's standing there. He's feeling good. He's pumping his chest. I did a great job. I caught this shark, and there's a group of people around him. They're pumping their chests. Great job, Chief.

And then there's a woman that comes up to him. She's dressed in black. She's obviously mourning, slaps him across the face and says. "Why did you let people go in the water if you knew there was a shark?" And she walks away.

Now, everyone else gets around and says, "Don't worry, you did a good job. You caught that shark. Don't worry. Don't listen to her. It's not your fault."

And he says, "No, it is."

This man is a shark. We have to decide if we want to let him back in the waters in our community.

MR. JOHNSON:     Objection, Your Honor; improper argument.

THE COURT:     It's overruled.

MR. ABRAMS:    Do we want to remove that clear plastic barrier between the lion and the baby? Do we want to do that?

MR. JOHNSON:    Objection, Your honor; improper, calls for law enforcement.

THE COURT:    It's overruled.

MR. ABRAMS:    That's your decision. You get to decide because he'll get out eventually. He will. You get to decide when you feel comfortable having this predator, this killer back with our families on our streets. (6 R.R. 32-36).

I.    *Defense counsel's general objections to an "improper argument" were insufficient to preserve error for appellate review.*

To preserve a claim for appellate review, a timely objection must be raised stating the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a). "A general or imprecise objection may be sufficient to preserve error for appeal, but only if the legal basis for the objection is *obvious* to the court and to opposing counsel." *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (emphasis in original). A general objection to an "improper argument" is typically insufficient to preserve error. *See Miles v. State*, 312 S.W.3d 909, 911 (Tex. App.--Houston [1st Dist.] 2010, pet. ref'd) (holding that defense counsel's objection to an "improper argument" was not sufficient to preserve error because the objection was too general and the trial court made no

6

statements indicating that it understood the nature of the objection); *Lowe v. State*, 676 S.W.2d 658, 662 (Tex. App.--Houston [1st Dist.] 1984) (general objection to "this type of argument" did not preserve error).

Here, defense counsel raised two general objections to "improper argument," and a third objection to the prosecutor's plea for law enforcement. During closing argument the prosecutor repeatedly referred to the appellant, without objection, as a "killer" and a "predator." No objection was raised until the prosecutor asked whether the jury had seen the movie "Jaws," at which point defense counsel generally objected that this constituted "improper argument." Defense counsel did not elaborate further, and the objection was overruled.

Defense counsel again raised a general "improper argument" objection when the prosecutor described the appellant as a "shark" and argued "[w]e have to decide if we want to let him back in the waters in our community." It is unclear whether defense counsel was complaining that it was improper for the prosecutor to refer to the appellant as a "shark." The objection was overruled without further comment from defense counsel. Finally, the prosecutor compared appellant to a caged lion, and defense counsel objected that the argument was improper because it "calls for law enforcement."

There is nothing in the record reflecting that defense counsel's general objections to "improper argument" were directed specifically at the prosecutor's

7

comparison of the appellant to a shark and a lion. Moreover, there is no indication that the trial court was aware that counsel was objecting on the basis of improper name-calling. Finally, defense counsel's objection that the prosecutor's argument called for law enforcement, although more specific, does not preserve the claim presented on appeal.[2] Accordingly, nothing has been preserved for review and appellant's point of error should be overruled.

## II. The prosecutor's jury argument was justified as a reasonable deduction from the evidence.

Moreover, appellant has not shown that the prosecutor's jury argument was improper. There are four generally accepted areas of jury argument: (1) summations of the evidence; (2) reasonable deductions from the evidence; (3) responses to the arguments of opposing counsel; and (4) pleas for law enforcement. *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010). Closing argument may not be used to insert matters before the jury that are outside the record and prejudicial to the accused. *Everett v. State*, 707 S.W.2d 638, 641 (Tex. Crim. App. 1986); *Gonzalez v. State*, 115 S.W.3d 278, 284 (Tex. App.--Corpus Christi-Edinburg 2003, pet. ref'd).

---

[2] This objection also seems to suggest that defense counsel was laboring under the misapprehension that a plea for law enforcement is not a valid jury argument. It is well-settled that a plea for law enforcement is a permissible area of jury argument. *See Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010); *Rocha v. State*, 16 S.W.3d 1, 21 (Tex. Crim. App. 2000).

An improper jury argument does not constitute reversible error unless, "in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); *Gonzalez*, 115 S.W.3d at 284. In reviewing a claim that that the prosecution engaged in improper argument, the appellate court considers the remark in the context in which it appears. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). The remark must be a willful and calculated effort by the State to deny the appellant a fair and impartial trial. *Wesbrook*, 29 S.W.3d at 115. "Counsel is allowed wide latitude without limitation in drawing inferences from the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith." *Gaddis*, 753 S.W.2d at 398.

Appellant contends that the prosecutor's jury argument was improper because comparisons between the accused and a notorious criminal have traditionally been considered "an improper and erroneous injection of facts not in the record that is harmful to the accused." *Gonzalez*, 115 S.W.3d at 284-85 (holding that the defendant was harmed by the prosecutor's closing argument which compared the defendant to Osama Bin Laden at a time when the events of September 11th were fresh in the collective minds of the jurors); *see also Brown v. State*, 978 S.W.2d 708, 714 (Tex. App.--Amarillo 1998, pet. ref'd) (holding that it

9

was improper for the prosecutor to compare the accused to Jeffrey Dahmer, John Wayne Gacy, and Ted Bundy).

In this case, the prosecutor compared appellant to animals, rather than to infamous criminals. Appellant argues, however, that the prosecutor's analogies are indistinguishable from references to terrorists: "Villains and terrifying creatures take on many forms; the inflammatory caricature of a terrorist is just the same as the inflammatory caricature of the homicidal shark or the tiger at the zoo." (Appellant's Brief pp. 11-12).

Appellant fails to provide legal precedent supporting this melodramatic assertion. The only case cited by appellant involving a comparison between the accused and an animal during jury argument is *Thompson v. State*, 729 S.W.2d 132 (Tex. App.--Beaumont 1987, pet. ref'd). Appellant mischaracterizes the nature of the holding in that case, claiming that "a comparison of the defendant to a venomous spider, along with a reference to a spider tattoo on the defendant's neck, was reversible." (Appellant's Brief p. 11). In *Thompson*, the prosecutor commented during jury argument about a spider tattoo on the defendant's neck. Defense counsel objected that there was no evidence in the record of a spider tattoo. The prosecutor also compared the defendant to a spider; however, no objection was raised to that remark and the reviewing court does not explicitly address whether it was improper. Instead, the court's rationale focuses on the

impropriety of the "tattoo" comment because it inserted prejudicial facts in the record when there was no evidence of a spider tattoo on the defendant's neck. *See id*. at 132-33. Thus, *Thompson* does not support the proposition that a comparison between an accused and an animal necessarily constitutes an improper jury argument.

Furthermore, Texas courts have upheld references to a defendant as an animal during jury argument when the reference was justified as a reasonable deduction from the evidence or a summation of the evidence. *See Burns v. State*, 556 S.W.2d 270, 285 (Tex. Crim. App. 1977) (holding that the prosecutor's reference to the defendant as an "animal" was not an improper deduction from the evidence because the defendant had brutally tortured and murdered a 58-year-old man); *Belton v. State*, 900 S.W.2d 886, 898 (Tex. App.--El Paso 1995, pet. ref'd) (concluding that the prosecutor's reference to the defendant as an "animal" was a reasonable deduction from the evidence because the facts at trial showed that the defendant forced his way into a family's home, beat and terrorized the victims, and shot three of the family members); *Garza v. State*, 783 S.W.2d 796, 799 (Tex. App.--San Antonio 1990, no pet.) (holding that it was not reversible error for the prosecutor to refer to the defendant as an "animal" and a "wild dog" during jury argument because these were summations of the witnesses' testimony); *Branch v. State*, 774 S.W.2d 781, 786 (Tex. App.--El Paso 1989, pet. ref'd) (it was not

11

improper for the prosecutor to describe the defendant as an "animal who pounces without warning" in light of evidence that he brutally attacked a 76-year-old man); *but see Tompkins v. State*, 774 S.W.2d 195, 217-18 (Tex. Crim. App. 1987) (holding that it was improper for the prosecutor to refer to the defendant as an "animal" when the argument served no legitimate purpose).

In this case, the prosecutor used an analogy during closing argument of a barrier between a lion at the zoo and a small child to illustrate the danger appellant posed to society if released from the confinement of prison. Similarly, the prosecutor compared appellant to a shark swimming "in the waters in our community." (6 R.R. 35). It is not improper for a prosecutor to use an analogy to emphasize and explain evidence if the argument is supported by a reasonable deduction from the evidence. *See Broussard v. State*, 910 S.W.2d 952, 959 (Tex. Crim. App. 1995) (holding that it was not improper for the prosecutor to compare the defendant to a volcano where the evidence supported a conclusion that the defendant behaved peaceably at times, but had a great propensity for violence).

The facts adduced at trial show that the prosecutor's arguments were justified as reasonable deductions from the evidence. Appellant left the playground when he saw Bergeron and walked down an alleyway. (3 R.R. 172). When appellant returned, a gun was visibly displayed in his waistband. (3 R.R. 174). Appellant approached Bergeron and the complainant. (3 R.R. 175-76). At

the time of the offense, the complainant was only 15 or 16 years old. (3 R.R. 164; 4 R.R. 115). Despite the fact that Bergeron and the complainant attempted to leave, appellant chased after the complainant and ruthlessly shot him seven times. (3 R.R. 179-84). The complainant's injuries indicate that he was not facing his assailant when he was shot. (5 R.R. 29, 31, 33, 34, 39, 42-43). When the complainant fell to the ground, appellant picked him up and rolled him over. (4 R.R. 103). Then appellant stood over the complainant and shot him two more times, execution style. (4 R.R. 103). Appellant's actions were cold-blooded and predatory. Accordingly, it was not error for the prosecutor to make comparisons between the appellant and a dangerous animal during his plea for law enforcement.

III.    *The prosecutor's jury argument was not so extreme or manifestly improper as to constitute reversible error.*

Even assuming the prosecutor engaged in improper argument, the argument was not so extreme or manifestly improper as to require reversal. To determine whether harm resulted from an improper jury argument, the reviewing court employs the harm analysis for non-constitutional error set forth in Rule 44.2(b). *See Gonzalez,* 115 S.W.3d at 285. Under Rule 44.2(b), any "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). The harmfulness of an improper argument is measured by several factors, including: (1) the severity of the misconduct; (2) curative measures; and (3) the certainty of the punishment assessed absent the misconduct.

13

*Martinez v. State*, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); *Gonzalez*, 115 S.W.3d at 285.

Although the trial court did not take any curative measures, the prejudicial impact of the prosecutor's argument was nominal. Viewing the prosecutor's remarks in the context of the argument, it is apparent that the purpose of the prosecutor's argument was to make a plea for law enforcement, rather than to deride the appellant or subject him to abuse. *See Tompkins*, 774 S.W.2d at 218 (noting that abuse is not argument). The prosecutor's argument was clearly not a calculated attempt to deprive appellant of a fair and impartial trial. *See Wesbrook*, 29 S.W.3d at 115. Even if the argument was improper, it is less inflammatory than other remarks which have been deemed harmless. *See Hernandez v. State*, 791 S.W.2d 301, 307 (Tex. App.--Corpus Christi 1990, pet. ref'd) (observing that it was improper for the prosecutor to imply that the defendant was a "scum and goat," but not reversible error); *Allen v. State*, No. 12-02-00138-CR, 2004 WL 187217, *5 (Tex. App.--Tyler Jan. 30, 2004, no pet.) (not designated for publication) (holding that the prosecutor's reference to the defendant as a "monster" was no worse than other improper arguments that have been held to be harmless). Moreover, the prosecutor's remarks were made at the punishment phase of trial, after the jury had already determined that appellant was guilty of murdering the complainant. Considering that the jury could have imposed a sentence of life imprisonment, the

14

prosecutor's remarks did not significantly impact the jury's assessment of a 30-year sentence.  As such, the jury argument was harmless and appellant's sole point of error should be overruled.

## CONCLUSION AND PRAYER

It is respectfully submitted that all things are regular and the judgment of conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/ Heather A. Hudson
**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24058991
hudson_heather@dao.hctx.net
curry_alan@dao.hctx.net

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 3,329 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ Heather A. Hudson
**HEATHER A. HUDSON**

15

Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24058991

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been

submitted for service by e-filing to the following address:

Franklin Bynum
Bynum Law Office PLLC
2814 Hamilton Street
Houston, Texas 77002
Tel: (713) 343-8844
fgb@lawfgb.com

/s/ Heather A. Hudson
**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24058991

Date: 7/31/2015

16